(91 Misc. Rep. 26)

### BADE v. FERNCLIFF CEMETERY ASS'N et al.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. CEMETERIES ☞5—ASSOCIATIONS—ISSUE OF CERTIFICATE OF INDEBTEDNESS—ULTRA VIRES.

Under Membership Corporation Law (Laws 1895, c. 559) § 54, authorizing a cemetery association incorporated thereunder to issue certificates of indebtedness for lands purchased for cemetery purposes, or for services rendered or materials furnished in preserving and improving its cemetery, the association's certificate of indebtedness issued to the promoter of its grantor, whose services in his own behalf in looking up and acquiring land had been compensated by the receipt of stock in the grantor company, even if some part of the expenses might have been incidental expenses and liabilities of the association payable under section 50 out of the proceeds of the use of lots, was ultra vires.

[Ed. Note.—For other cases, see Cemeteries, Cent. Dig. §§ 4–8; Dec. Dig. ☞5.]

---

2. CEMETERIES ⊜⟹5—CERTIFICATE OF INDEBTEDNESS—RIGHTS OF ASSIGNEE.
      The assignee of a cemetery association's nonnegotiable promise to pay
   money took it with no greater rights than were possessed by the assignor.
      [Ed. Note.—For other cases, see Cemeteries, Cent. Dig. §§ 4–8; Dec.
   Dig. ⊜⟹5.]

Appeal from City Court of New York, Trial Term.

Action by Anna Bade against the Ferncliff Cemetery Association and
John C. Witte. From a judgment for plaintiff (90 Misc. Rep. 202,
154 N. Y. Supp. 1077), entered after a trial by the court without a
jury, defendant Ferncliff Cemetery Association appeals. Reversed,
and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Appell & Taylor, of New York City (George H. Taylor, Jr., of
New York City, of counsel), for appellant.

Harry Dubinsky, of New York City, for respondent Bade.

Herman S. Goldstein, of New York City, for respondent Witte.

PAGE, J. This action was brought to recover upon a certificate
of indebtedness of which the following is a copy:

Number 47.                                              Amount, $1,483.28.

                Organized under the Laws of the State of New York.

                        Ferncliff Cemetery Association,

                        A Membership Corporation,

Home and Business Office, 27 East 125th Street, City, County and State of
                                New York,

Hereby certifies that it is indebted unto John C. Witte in the sum of
fourteen hundred and eighty-three 28/100 dollars, for money expended
and on account of cemetery, which amount it hereby promises, covenants,
and agrees to pay at its office in said city of New York, five years from
the date hereof, on presentation and surrender of this certificate, with
the right, privilege, and option, however, on the part of said associa-
tion, to pay the whole or any part of the sum hereby agreed to be paid,
at any time prior to the expiration of said term of five years, without
notice, and upon such payment in full, with interest, to demand delivery and
cancellation hereof.

This certificate is transferable only on the books of the association by the
holder thereof, in person or by attorney, on the surrender of this certificate.

In witness whereof, Ferncliff Cemetery Association has caused these pres-
ents to be executed for it and in its name, by its president and treasurer, pur-
suant to a resolution of the board of directors of said Association, duly
adopted.

Feb. 8, 1904.
                                Ferncliff Cemetery Association,
                                    By John G. Borgstede, President,
                                and By George J. Fernschild, Secretary.

Thereafter, and on the 28th day of April, 1908, John C. Witte as-
signed to the plaintiff the certificate of indebtedness to the extent of
$1,400, with interest from that date. Judgment has been given against
this defendant, the Ferncliff Cemetery Association, in favor of the
plaintiff, for $1,985 and costs, and in favor of defendant John C. Witte
for $494.84.

[1] A cemetery association incorporated, as was the appellant, pur-
suant to Membership Corporation Law (chapter 559, Laws 1895) §

54, has power to issue certificates of indebtedness "if it be indebted for lands purchased for cemetery purposes, or for services rendered or materials furnished in preserving or improving its cemetery." In the case at bar, upon undisputed evidence, the certificate in suit was not issued for either of the purposes authorized by the statute, nor, so far as the evidence discloses, was any service rendered or thing sold or money advanced to the defendant association by John C. Witte for which it was indebted to him. Witte and certain associates purchased property and founded the Ferncliff Realty Company, to which, for $400,000 of the capital stock of said company, they transferred the property. The Ferncliff Realty Company then transferred this property to the defendant association.

The services seem to have been rendered by Witte in his own behalf in looking up and acquiring the land, for which he was apparently compensated by the receipt of stock in the Ferncliff Realty Company as for promotion expense of that company. Even if some part of the expenses may have been "incidental expenses and liabilities of the corporation" defendant, which might be paid out of the proceeds of the sales of the use of lots (section 50, c. 559, Laws 1895), there is no authority in the statute for the issuance of a certificate of indebtedness for such liabilities of the association. "In providing for the issuance of certificates of a certain nature and for a certain purpose, the statute impliedly prohibited such an association from issuing any others." Amer. Ex. Nat. Bank v. Woodlawn Cemetery, 194 N. Y. 116, 127, 87 N. E. 107. The issuance of the certificate in suit was therefore ultra vires of the corporation.

[2] The plaintiff, as assignee, takes with no better rights than were possessed by the assignor, as this certificate was a nonnegotiable promise to pay money. Amer. Ex. Nat. Bank v. Woodlawn Cemetery, supra, 194 N. Y. 127, 128, 87 N. E. 107.

As plaintiff failed to allege or prove facts sufficient to constitute a cause of action against the defendant, the judgment should be reversed, with costs to the appellant, and the complaint dismissed, with costs to the defendant association. All concur.