UNITED DISNER BENEVOLENT ASSOCIATION, INC., Plaintiff, v. SPRINGFIELD, L. I., CEMETERY SOCIETY, MOSES JAFFE, EMMA A. COLBY, T. EDWARD COLBY, REBECCA JAFFE, SUSAN JAFFE and BEN JAFFE, Defendants.

Supreme Court, Special Term, New York County, May 8, 1939.

*Abraham J. Halprin* [*Irving Barry* of counsel], for the plaintiff.

*Walton, Bannister & Stitt* [*Samuel Seabury* of counsel], for the defendant Springfield, L. I., Cemetery Society.

*Walton, Bannister & Stitt*, for the defendants Moses Jaffe, T. Edward Colby and Rebecca Jaffe.

*William H. Barradell*, for the defendant Emma A. Colby.

*Adolph C. Kiendl*, for the defendant Susan Jaffe.

STEUER, J. In 1908 one Thomas Gilleran and the defendant Jaffe owned a tract of farm land in the county of Queens. The land was heavily mortgaged, most of the mortgages being owned by one Thomas Colby. The equity in the land at then current values was little if anything. Foreclosure was imminent and the owners would have been unable to retain the property. At this time Gilleran and Jaffe conceived the idea of organizing a cemetery corporation to take over the land. After negotiations and unimportant intermediate steps, such a corporation was organized. The financial structure of the corporation in regard to the real estate was wholly planned and executed by Gilleran and Jaffe, with the acquiescence and co-operation of Colby. It was as follows:

The corporation agreed to assume the existing mortgages plus a new mortgage for $12,000, which represented the cash that Gilleran and Jaffe had originally paid to acquire the property. Also, certificates of indebtedness to the amount of $3,200,000 were to be issued to Gilleran and Jaffe in addition to the assumption of the mortgages as payment for the real estate. These certificates were to be issued pursuant to the then section 74 (now section 97) of

the Membership Corporations Law. In order to effectuate this plan, it was necessary for Colby to refrain from foreclosing his mortgages and also to release from the lien of his mortgages the cemetery lots as they were sold. As compensation for this, Gilleran and Jaffe agreed to give Colby one-half of the certificates of indebtedness.

The plaintiff is a purchaser of several lots in the cemetery. The members of the corporation are the lot holders and the certificate holders. Plaintiff brings this action on behalf of all other lot holders similarly situated to cancel the remaining unpaid certificates and to recover back from the certificate holders the sums that had been paid to them on their certificates. The ground for seeking the cancellation is that the certificates are illegal and void as being fraudulently issued. Illegality, aside from fraud, is only claimed in regard to the certificates delivered to Colby. Certificates may be issued for the purchase price of lands but not for services or agreements in connection with the land purchased. (*Bade* v. *Ferncliff Cemetery Assn.*, 91 Misc. 26.) Had the certificates been issued to Colby, they would have been void. Nothing, however, prevents the vendor from giving a part or all of the certificates to any one he wishes or from agreeing in advance to do so. Two grounds of fraud are claimed. The first is that the purpose of the issuance of the certificates was to give the persons to whom they were issued control of the corporation. There was no proof to support this ground nor is there anything in the facts proved from which an inference to that effect could be drawn. That purpose could not have been accomplished without a total failure of the enterprise. The second ground is that the price paid by the corporation, consisting of the payment of the mortgages plus the certificates, was exorbitant and resulted in an illegal profit to the organizers of the corporation, who were also the certificate holders. The theory of the plaintiff is that a membership corporation, being a non-profit organization, cannot be the medium of profit to these organizers, and hence any profit that may come to them is illegal.

There is nothing in the statute or case law which limits the amount that a cemetery corporation may pay for the realty which it acquires, nor is there any provision which compels a vendor of such realty to sell it at cost, or even reasonable value. There are restrictions upon the amount of current income from the sale of plots that can be devoted to payment for real estate acquired, but no inference from this has ever been drawn by the courts which makes it a fraud for the vendors to charge any price they see fit. In fact, the inference to be drawn is quite the reverse. Certificates of indebtedness can only be paid from the proceeds of lots sold

and only one-half of such proceeds need be used for that purpose. A vendor accepting them is forced to speculate on the success of the cemetery and hence might be expected to demand more than the current price.

The only other element presented in the case is the fact that in this instance the vendors were also the organizers of the corporation. It has likewise not been shown that there is any restriction which arises from this relationship. At the time of the transactions there were no other interested parties who could have been affected by the price to be charged. Prior to the enactment of the present Membership Corporations Law, this state of facts was held to have done no damage and hence give no grounds for relief. (*Seymour* v. *S. F. C. Assn.*, 144 N. Y. 333.) In other words, at common law there was nothing in this situation which created a fiduciary relationship which would prevent the organizers from making a profit. Nothing in the statute directly refers to such a situation. Nor has any provision been discovered which creates rights in lot holders or others which such a transaction would prejudice. The plaintiff and all other purchasers of lots procured them either with knowledge of the financial structure or could have had such knowledge. They were likewise procured under conditions resembling an open market and their price was, naturally, in competition with the facilities offered by other cemeteries.

The plaintiff has failed to show that it or any other lot owner suffered damage on account of the matters complained of. Other defenses have been raised, but because of the view taken it has been unnecessary to consider them. Judgment for the defendants.